IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| GARY IVAN TERRY, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:24CV530 |
| | ) | 1:03CR299-1 |
| v. | ) | 1:14MC42 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a former federal prisoner, filed a motion to vacate[1] (Docket Entry 230),[2] a supporting memorandum (Docket Entry 231), an affidavit (Docket Entry 232), exhibits (Docket Entry 233), a motion for a hearing (Docket Entry 234),[3] and a corrected

---

[1] Petitioner's motion is more fully entitled "Defendant's Motion to Vacate or Set-aside the Certification of the Judgment for Registration from the United States District Court for the Western District of Missouri in the United States District Court for Middle District of North Carolina and all subsequent judgment/orders entered by United States Judge Thomas D. Schroeder and by United States Magistrate Judge Joe L. Webster pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure." (Docket Entry 230.) The Court shortens it to "motion to vacate" for ease of reference.

[2] Unless otherwise noted, docket entry references are to Case Number 1:03CR299-1.

[3] Petitioner's motion is fully entitled "Defendant's Motion for a Due Process Hearing on the Motion Vacate or set-aside the Certification of the Judgment for Registration from the United States District Court for the Western District of Missouri in the United States District Court for Middle District of North Carolina and all subsequent Judgment/Orders entered by United States Judge Thomas D. Schroeder and United States Magistrate Judge Joe L. Webster pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure." (Docket Entry 234.) The Court shortens it to "motion for a hearing" for ease of reference.

memorandum (Docket Entry 235).[4] The Government filed a response to the motion to vacate (Docket Entry 237) and a response to the motion for a hearing (Docket Entry 236). The Court recommends that Petitioner's motions be dismissed or denied.

I. BACKGROUND

In 2000, Petitioner pled guilty in the Western District of Missouri to making a false statement of a material fact to an agency of the United States (Count 17), in violation of 18 U.S.C. § 1001, and obstruction of justice (Count 19), in violation of 18 U.S.C. § 1512(b). (1:14MC42, Docket Entry 1.) He was sentenced in 2001 to imprisonment for 15 months and a supervised release term of three years. (*Id.*) Petitioner was also ordered to pay a special assessment in the amount of $200.00 and restitution in the amount of $545,161.20. (*Id.*) Petitioner's appeal was dismissed and, thereafter, Petitioner filed an extensive array of unsuccessful post-conviction motions (including an unsuccessful motion brought pursuant to 28 U.S.C. § 2255) attacking the conviction and sentence imposed by that District Court. (*See generally* W.D. Mo., Case No. 4:00-cr-00308-1; *id.*, Docket Entry 70.)

In 2003, supervised release jurisdiction over Petitioner was transferred to the Middle District of North Carolina. (Docket Entries 1, 3.) Petitioner served a seven-month period of incarceration due to repeated violations of his supervised release and his restitution was made

---

[4] The Government correctly points out (Docket Entry 237 at 5-6 citing LR 7.3(d)(1)) that this brief violates the local rules because it does not include a word count certification of compliance, it grossly exceeds the 6250-word limit, and Petitioner has been warned repeatedly about the limitations on the length of briefs that are filed in this Court. (*See* 1:14MC42, Docket Entries 53 at 1-2, n.1 and 42 at 1.) Petitioner's repeated disregard for this Court's Local Rules provides an additional ground for dismissing or denying him relief.

immediately payable. (Docket Entry 149.) A later motion brought pursuant to 28 U.S.C. § 2255 was denied. (Docket Entry 202.)

Meanwhile, Petitioner continued to file numerous and voluminous motions and other filings in the Western District of Missouri, despite instructions from that Court in 2008 that the Clerk's Office should reject further filings from Petitioner. (W.D. Mo., Case No. 4:00-cr-00308-1, Docket Entry 106.) On September 9, 2014, the Western District of Missouri, issued an Order denying Petitioner's motion to disqualify the judge as procedurally unauthorized and advising that further filings, mailings, or calls by Petitioner to chambers or the Clerk's Office in that district would result in sanctions. (*Id.*, Docket Entry 131.) Indeed, multiple courts, including this Court and the Fourth Circuit, have all decided against Petitioner with respect to the same underlying claims Petitioner now attempts to raise anew.[5]

A certification of the Missouri District Court judgment was registered in the Middle District of North Carolina on July 1, 2014 from the United States District Court for the Western District of Missouri. (1:14MC42, Docket Entry 1.) From November 9, 2015 through October 23, 2018, Petitioner filed around fifteen motions in this action including a motion to recuse or disqualify the United States Attorney's Office for the Middle District of North

---

[5] For example, Petitioner moved to have a bankruptcy trustee removed in *Terry v. Sparrow*, 328 B.R. 450 (M.D.N.C. 2005). The Honorable James A. Beaty Jr., dismissed all of Petitioner's grounds for appeal and stated "Mr. Terry currently has pending before this Court over 30 motions in 7 separate bankruptcy appeals. Mr. Terry continues to file various appeals, all based on the same general contentions disputing the underlying civil and criminal claims against him." *Id.*, at 459. Petitioner also filed an unsuccessful civil action in the United States District Court for the District of Columbia regarding the same or similar underlying subject matter—the United States of America's claim that Petitioner owed $545,161.20 for overpayments made to Petitioner and his company. (*See Terry v. U.S. Small Bus. Admin.*, 699 F. Supp. 2d 49 (D.D.C. 2010)).

3

Carolina, two motions to disqualify judge, and two motions to alter or vacate orders of the Court, all of which were denied. (*See* 1:14MC42, Docket Entries 5-8, 10, 16-17, 31-32, 44-45, 50, 70-71.) The undersigned explained to Petitioner in a text order denying challenges to a garnishment order that "The Court advises that any further frivolous filings by [Petitioner] may result in sanctions." (1:14MC42, 3/21/19 Text Order.) During the same time frame, Petitioner filed around seventeen additional pleadings in this action including various objections, memoranda, and replies. (*See* 1:14MC42, Docket Entries 22-30, 33, 37, 39, 43, 46-49, 51-52.) He also filed actions with the Fourth Circuit Court of Appeals contesting a wage garnishment, all of which were dismissed or denied. *See*, *e.g.*, *United States v. Terry*, No. 17-7093, 2018 WL 11444999, at *1 (4th Cir. June 20, 2018); *In re Terry*, 723 F. App'x 240 (4th Cir. 2018), *as amended* (May 29, 2018).

In his most recent motion to vacate, as with the prior motions, Petitioner recounts some of the factual details of his contract dispute with the General Services Administration ("GSA") in the 1990's and various civil and criminal proceedings in the Western District of Missouri and Middle District of North Carolina. (Docket Entries 230-35.) Petitioner contends that the United States District Court for the Western District of Missouri did not have "statutory or constitutional power to entertain the criminal prosecution case brought before it . . . to enter a criminal judgment of conviction on the Defendant's plea agreement." (Docket Entry 230 at 2-3.) Petitioner further asserts that "the United States District Court for the Middle District of North Carolina also lacked the power to certify the criminal judgment for registration in another district[.]" (*Id.* at 3.) Petitioner, for the most part, portrays the proceedings in both the United States District Court for the Western District of Missouri and

4

this Court as fraudulent, unlawful, and improper and he makes assertions that the United States, in responding to his numerous filings, made "false[ ] and fraudulent[ ]" statements against him. (Docket Entry 235 at 3-4.) Petitioner states that because his criminal judgment was registered under 28 U.S.C. § 1963, he was not given adequate notice and a meaningful opportunity to appear and be heard. (Docket Entry 235 at 2, 57.) As explained in greater detail throughout this Recommendation, he is not entitled to any relief.

## II. DISCUSSION

Petitioner appears to argue that relief should be granted pursuant to Federal Rule of Civil Procedure 60(b)(4) based on a due process violation, fraud on the court, his purported innocence, and the Court's lack of jurisdiction to enter the criminal judgment. (Docket Entry 230 at 1-3; Docket Entry 235.) Through his motion to vacate, it appears Petitioner wishes to re-argue his criminal conviction from over twenty-two years ago, arguing that the United States District Court for the Western District of Missouri and the United States District Court for the Middle District of North Carolina lacked subject matter jurisdiction over Counts Seventeen (17) and Nineteen (19) of the Judgment entered against him. (Docket Entry 235 at 13, 33.) Petitioner contends that "[t]he merits of the disputed government contract claim . . . [is] a federal government contract over which both the United States District Court for the Western District of Missouri and the United States Attorney Office's for the Western District [of] Missouri had no power to exercise authority in this particular situation, [which] belongs within the exclusive jurisdiction of the United States Court of Federal Claims." (*Id.* at 18-19.)

Additionally, Petitioner argues a lack of subject matter jurisdiction, relying on the False Statement Accountability Act of 1996, 18 U.S.C. § 1001(a)(2) (Docket Entry 235 at 14-33) and

the Victim and Witness Protection Act of 1982, 18 U.S.C. § 1512(b)(1) (Docket Entry 235 at 34-56). Finally, Petitioner claims his due process rights were violated when the judgment from the Western District of Missouri was registered in this Court. (*Id.* at 56-58.) As explained below, Petitioner's motions are deficient in a great many respects and should be dismissed or denied for one or more of the reasons set forth below.

As an initial matter, Petitioner is not entitled to relief under Rule 60 as to his criminal judgment. *See*, *United States v. Jones*, 730 F. App'x 172 (4th Cir. 2018). And, even if he were raising a valid challenge to a civil judgment or order under Rule 60, which he does not appear to do here, his motion would still be denied for the reasons set forth in the Government's briefs.[6] (Docket Entries 236 and 237.) Moreover, as noted, Petitioner attacks his conviction or sentence rather than seeking to remedy a defect in the collateral review process or other non-merit aspect of the ruling on collateral review. The usual vehicle to seek such relief is 28 U.S.C. § 2255. The Court has construed Petitioner's motion to vacate as such. *See Gonzalez v. Crosby*, 545 U.S. 524 (2005); *United States v. McRae*, 793 F.3d 392 (4th Cir. 2015); *United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003). Nevertheless, the Court cannot grant Petitioner any such relief.

First, by the time Petitioner's motion was filed, he had served his period of imprisonment and was no longer on supervised release. He is not eligible to bring a § 2255 motion. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989). Second, Petitioner's challenge that the Western District of Missouri lacked jurisdiction to impose his underlying criminal sentence

---

[6] Petitioner's motion for a hearing should also be denied as no hearing is warranted on his meritless claims for the reasons set forth herein.

would have to be made to Western District of Missouri and in turn, the Sixth Circuit Court of Appeals, not this Court. *See* 28 U.S.C. § 2255(a). Third, even if Petitioner were eligible to bring a § 2255 motion, Petitioner has already challenged his conviction in a previous § 2255 action. (*See* Docket Entries 178, 191, 201-02; *see also* W.D. Mo., Case No. 4:00-cr-00308-1, Docket Entry 70.) The Court lacks jurisdiction to entertain another § 2255 motion because of Petitioner's failure to obtain permission from the Fourth Circuit (or, as explained above, the Sixth Circuit Court of Appeals) for a second or successive § 2255 action, as is required by 28 U.S.C. § 2244 and 28 U.S.C. § 2255. *See Winestock*, 340 F.3d at 202-07; *see also Burton v. Stewart*, 549 U.S. 147, 152 (2007).

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate (Docket Entry 230) be **DISMISSED** or in the alternative **DENIED** and that Petitioner's motion for a hearing (Docket Entry 234) be **DENIED**, that judgment be entered dismissing the action, and that, there being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

/s/  Joe L. Webster
United States Magistrate Judge

July 1, 2024
Durham, North Carolina